IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02417-BNB

WAYNE ALLEN SATER,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Wayne Allen Sater, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Sater, acting *pro se*, attempted to initiate this action on August 29, 2014, by filing with the Court *pro se* a document titled "Second Notice of Default" (ECF No. 1). The document is unintelligible.

    The Court opened this case under 42 U.S.C. § 1983 because Mr. Sater is a state prisoner and did not appear to be asserting a challenge to the fact or duration of his conviction or sentence. The Court reviewed the document and determined it was deficient. Therefore, on September 4, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Sater to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The September 4 order pointed out that Mr. Sater failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to

28 U.S.C. § 1915 on the proper, Court-approved form.  The September 4 order also pointed out that Mr. Sater failed to submit a certified account statement for the six-month period immediately preceding this filing and a Prisoner Complaint.  The September 4 order directed him to file on the proper, Court-approved form a Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The September 4 order further directed Mr. Sater to obtain, with the assistance of his case manager or the facility's legal assistant, the current, Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint.  The September 4 order warned Mr. Sater that if he failed to cure the designated deficiencies and file a Prisoner Complaint that complied with Rule 8 within thirty days, the action would be dismissed without further notice.

On September 12, 2014, Mr. Sater submitted a document titled "United States Treasury Department Order for Negotiable Withdrawal Ticket" (ECF No. 4).  On September 18, 2014, he submitted a document titled "Judgement [sic] and Order of Default" (ECF No. 5).

Mr. Sater has failed within the time allowed to cure the designated deficiencies and file a Prisoner Complaint as directed.  Therefore, the action will be dismissed without prejudice for Mr. Sater's failure to cure the designated deficiencies and file a Prisoner Complaint as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962). If Mr. Sater files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, William Allen Sater, within the time allowed to cure the deficiencies designated in the order to cure of September 4, 2014, and file a Prisoner Complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  15th  day of   October  , 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

3